UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEVELT MCCORMICK,

                Plaintiff,         Civil Action No. 13-cv-11098
                                              Honorable Robert H. Cleland
v.                                              Magistrate Judge David R. Grand

JANE DOES, CORRECTIONAL
MEDICAL SERVICES,

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [5] AS MOOT

On March 12, 2013, plaintiff Rosevelt McCormick commenced the instant case against Correctional Medical Services ("CMS") and several unnamed registered nurses, alleging violations of his civil and constitutional rights. On April 12, 2013, the Court clerk sent a summons to McCormick for service on defendant CMS, along with a copy of the complaint. On April 19, 2013, McCormick filed a certificate of service, stating that the defendant was "personally served" "by U.S. Postal Service." [3]. However, it was determined that McCormick actually mailed the summons and complaint to the Michigan Department of Corrections, not CMS, a fact brought to McCormick's attention on June 4, 2013, when he was ordered to "properly serve" the proper defendant in order to proceed with his claim. [6]. Prior to that order's entry, McCormick had filed a motion for summary judgment against all defendants which is presently before the Court. [5].

On June 12, 2013, McCormick moved this court for an order permitting him to amend his complaint to substitute Corizon Health Care ("Corizon") for CMS as the proper institutional defendant, and to amend the amount of damages requested to $50,000. [*Id.*.] On June 28, 2013,

the Court granted that motion. [11].

Because McCormick has been granted permission to amend his original complaint, that pleading, upon which his instant motion for summary judgment is based, is no longer in effect. *See B&H Med. LLC, v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) (noting that amended complaint supersedes all previous complaints and renders them "a nullity."). Thus, his motion for summary judgment on that complaint should be denied as moot. Furthermore, as it appears none of the proper defendants have yet been served, McCormick's motion for summary judgment is not ripe for consideration at this time.

For the foregoing reasons the court **RECOMMENDS DENYING** McCormick's Motion for Summary Judgment **[5]** as moot.


Dated: June 28, 2013                                s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                    United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/T. Bankston for Felicia M. Moses<br>
FELICIA M. MOSES<br>
Case Manager

Dated:  June 28, 2013