UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEVELT MCCORMICK,

                Plaintiff,        Civil Action No. 13-cv-11098
                                        Honorable Robert H. Cleland
                                        Magistrate Judge David R. Grand
   v.

JANE DOES, CORRECTIONAL
MEDICAL SERVICES,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
CORIZON HEALTH, INC'S MOTION TO DISMISS [19] AND TO
DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [27]**

**I.    RECOMMENDATION**

Before the Court is Defendant Corizon Health, Inc.'s ("Corizon") motion to dismiss *pro se* plaintiff Rosevelt McCormick's complaint for failure to exhaust administrative remedies [19], as well as McCormick's motion for summary judgment [29]. This case has been referred to this Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [4]. For the following reasons, the Court RECOMMENDS that Corizon's motion [19] be GRANTED and McCormick's motion [27] be DENIED, and that McCormick's complaint be dismissed without prejudice.[1]

---

[1] The Court having reviewed the briefs and determined that oral argument would not assist the Court in its recommendation, dispenses with the need for a hearing pursuant to Local Rule 7.1(f)(2).

**II.     REPORT**

    **A.     Background**

McCormick was, at all relevant times, incarcerated at the Gus Harrison Correctional Facility ("GHCF") in Adrian, Michigan. [1]. McCormick brings this complaint against Corizon and unidentified Jane Doe nurses alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment, as well as alleging violations of state tort law.[2] [*Id.*]. His complaint is premised on allegations that upon transfer to the GHCF, he was denied certain prison accommodations, including a wheel chair and access to an elevator, despite documented evidence of mobility issues that significantly hindered his ability to walk or to climb or descend stairs, and despite having had access to these accommodations previously. (*Id.* at 2-4). McCormick alleges that his repeated requests for both accommodations either went unheeded or were affirmatively rejected by health care staff. (*Id.*). As a result, he alleges he suffered injuries, including an infected toe and severe pain in his knees. (*Id.*).

Defendant Corizon, who has been recently substituted in as a defendant for the previously named but incorrectly identified "Correctional Medical Services," [9, 11], moves to dismiss McCormick's complaint on grounds that McCormick did not exhaust his administrative remedies. [19]. In support of its motion, Corizon attaches the affidavit of Richard Russell, the manager of the Grievance Section of the Michigan Department of Corrections ("MDOC"). (Russell Aff'd ¶ 1). Russell avers that he is familiar with the MDOC's three-step grievance procedure. (*Id.* ¶¶ 2-5). Russell avers that when the MDOC receives a Step Three grievance, it is immediately date stamped and entered into a database, and that since May 1, 2011, all Step Three grievances were entered into the database, regardless of whether they met MDOC policy

---

[2] To date, the unknown nurse defendants have not been served.

2

requirements. (*Id.* ¶¶ 10-11). Russell further avers that he conducted a search of the Step Three database for any such grievance filed by McCormick between the dates of May 2009 until June 10, 2013 – the relevant period – and found none. (*Id.* ¶ 18). Russell attached a copy of the record showing as much. (*Id.*; Mot. Ex. 2).

McCormick concedes that he did not file a Step Three grievance regarding his instant claims, but he seeks to be excused from the exhaustion requirement based on his claim that he was physically unable to appeal his grievance due to a temporary loss of vision he incurred as a result of one of his falls. (Plf. Resp. at 4). McCormick argues that despite this vision loss, he was able to obtain assistance in filing his Step One and Step Two grievances, but "no longer had anyone to assist him with" his Step Three grievance on the issue. (*Id.*). He claims that by the time he finally received assistance, the time for filing a Step Three grievance had expired, and he instead "filed his complaint against healthcare because that was the only option available to him."[3] (*Id.*). McCormick himself seeks summary judgment on the issue of liability, while at the same time arguing that he has been deprived of an opportunity for discovery. (*Id.* at 1-2; 9). He does not argue with specificity the reasons he believes he is entitled to summary judgment. (*See generally id.*).

### B.     Legal Standard

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust their administrative remedies before bringing suit. *See* 42 U.S.C. § 1997e(a). Prisoners are required to properly exhaust their administrative remedies, meaning that untimely or otherwise procedurally defective administrative grievances or appeals that do not satisfy the prison's exhaustion policy are also insufficient to satisfy the PLRA's exhaustion requirement. *Woodford*

---

[3] Neither party attaches any specific "grievance" that relates to the instant action.

*v. Ngo*, 548 U.S. 81, 83-84 (2006); *Jones v. Bock*, 549 U.S. 199 (2007).  However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight*, 532 F.3d 567 (6th Cir.2008).  A dismissal for failure to exhaust is without prejudice. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir.2000)); *see also Morris v. Newberry Corr. Facility*, No. 11-10839, 2013 U.S. Dist. LEXIS 152958, *4 (E.D. Mich. Aug. 28, 2013).

Courts have diverged in determining the proper vehicle for a motion to dismiss based on failure to exhaust remedies.  The problem was summarized concisely in Magistrate Judge Whalen's Report & Recommendation in *Twohig v. Riley*, No. 12-11832, 2013 U.S. Dist. LEXIS 99852 (E.D. Mich. June 13, 2013) *adopted by* 2013 U.S. Dist. LEXIS 99472 (E.D. Mich. July 17, 2013):

> There has been a divergence of viewpoints as to the correct procedural basis for a dismissal premised on non-exhaustion.  In *Jones v. Bock*, 127 S.Ct. at 921, the Supreme Court suggested in dicta that failure to exhaust might be a basis for dismissal under Rule 12(b)(6).  However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).  In *Melton v. Michigan Corrections Commission*, 2009 U.S. Dist. LEXIS 21319, 2009 WL 722688 (E.D. Mich. 2009), the Court granted a motion for summary judgment, dismissing the complaint without prejudice for failure to exhaust . . .
>
> In the context of the PLRA, a plaintiff's failure to exhaust administrative remedies does not seem to fit within Fed.R.Civ.P. 12(b)(6).  After *Jones v. Bock*, failure to exhaust is not a pleading requirement, so there is no determination of whether a plaintiff has stated a claim on the face of the complaint.  And unlike the typical 12(b)(6) motion, dismissal is without prejudice.  Rule 12(b)(1) (subject matter jurisdiction) clearly does not

4

> apply, since "the PLRA exhaustion requirement is not jurisdictional." *Woodford v. Ngo*, 548 U.S. 81, 101, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Summary judgment seems inapposite since there is no determination of the merits of the case, and "judgment" is not entered. *See Studio Electrical Technicians Local 728 v. International Photographers of Motion Picture Industries, Local 659*, 598 F.2d 551, 552 (9th Cir. 1979) ("Summary judgment is on the merits," and failure to exhaust, as a matter in abatement, "ordinarily" does "not deal with the merits.") . . .

*Id.* at *5-8. Citing the decisions of other circuit courts for support, Magistrate Judge Whalen concluded that the best approach is to treat a motion to dismiss based on failure to exhaust as an unenumerated Rule 12(b) motion. *Id.* at *9 He further found this approach best in light of the fact that to treat the motion as coming under Rule 12(b)(6) would render it a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g) which governs a prisoner's ability to obtain IFP status. *See id.* at *7-8 n.1. This Court agrees with Magistrate Judge Whalen's analysis and will consider Corizon's instant motion to dismiss as an unenumerated Rule 12(b) motion.

**C.  Analysis**

Under MDOC's grievance Policy, a prisoner seeking redress for a grievance must follow a specific process. First, he must "attempt to resolve the issue with the staff member involved within two business days of becoming aware of a grievable issue," unless prevented from doing so "by circumstances beyond his[ ] control." MDOC Policy Dir. ¶ P. If the issue is not resolved, the prisoner may file a Step One grievance within five business days of this attempt. *Id.* Upon receiving an unsatisfactory response regarding his Step One grievance, or upon expiration of the day a response would otherwise be due, a prisoner may appeal by filing a Step Two grievance within 10 days of this date. *Id.* ¶ BB. The prisoner must follow the same procedure and timeline for any Step Three appeal he wishes to file. *Id.* ¶ FF. A grievance or appeal at any step may be rejected if it is filed in an untimely manner, however it will not be rejected "if there is a valid

5

reason for the delay." *Id.* ¶ G.3. In addition, "Wardens and FOA Area Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if needed. In such cases, assistance shall be provided by a staff member who is not involved in the grievance." *Id.* ¶ M.

Here, McCormick concedes that he did not grieve his complaint through Step Three of the process, but argues that his failure to exhaust his remedies should be excused because he was physically unable to complete his Step Three grievance himself and could not find assistance in order to do so until after the time for filing had expired. McCormick's argument is not well-taken.

First, the MDOC Policy states that an untimely grievance will nevertheless be accepted if there is a valid reason for its tardiness. (MDOC Policy Dir. ¶ G.3). While the list of "valid reasons" in the MDOC Policy is lean (it only lists "transfer" as an example), a prisoner claiming an inability to timely complete his grievance due to a lack of eyesight and an inability to obtain assistance would at least plausibly implicate such an exception, and even if it would not directly under the Policy, it could at the least create a genuine issue of fact in this Court. *See Peterson*, 2012 U.S. Dist. LEXIS 106716, *20-21 (finding material issue of fact existed regarding availability of administrative process where prisoner averred requests for assistance in filing grievance due to mental illness were rejected). But McCormick never gave MDOC an opportunity to consider the applicability of the Policy's excusable delay provision because, instead of filing a Step Three grievance along with an explanation of its tardiness, McCormick simply skipped that Step and proceeded directly to filing this action after his Step Two appeal was denied. Condoning McCormick's actions, as he asks the Court to do, would essentially render the Policy's excusable delay provision meaningless, a result the Court will not

countenance. Moreover, McCormick's argument that he did not file a Step Three grievance even after obtaining assistance because the time limit for doing so had already passed, is insufficient to excuse him from exhausting his administrative remedies because "[f]utility is not an exception to the exhaustion requirement." *Fontenot v. Global Expertise in Outsourcing*, 232 Fed. Appx. 393, 394 (5th Cir. 2007) *citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003); *see also Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000). These shortcomings alone provide a sufficient basis to grant Corizon's instant motion to dismiss.

Second, while an inmate's failure to exhaust may be excused by evidence that the grievance procedure was unavailable to him at the time,[4] McCormick has not offered sufficient evidence to permit this court to find a dispute of fact on this issue. As the MDOC policy states, assistance to file grievances will be provided by a member of MDOC staff when needed. (MDOC Policy Dir. ¶ M). While McCormick argues that despite seeking assistance he was unable to find anyone to help him file his Step Three grievance, he does not claim that he sought assistance from MDOC staff per the Policy, nor that the MDOC rejected such a request. *See Ramos v. Smith*, 187 Fed. Appx 152, 154 (3d Cir. 2006) (rejecting claim for excusing failure to exhaust where plaintiff inmate did not claim he asked for and was refused such assistance by the prison).

Finally, there is no allegation in McCormick's complaint that he indeed suffered a loss of vision after one of his falls. Indeed, McCormick's complaint only lists two injuries he allegedly suffered as a result of the alleged violations – an infected toe and severe knee pain. (Cplt. at 3-5). McCormick's new unsupported assertions to the contrary are insufficient to substantiate a

---

[4] *See Peterson v. Hall*, No. 11-15154, 2012 U.S. Dist. LEXIS 106716, *20-21 (E.D. Mich. July 2, 2012) *adopted* by 2012 U.S. Dist. LEXIS 106757 (E.D. Mich. July 31, 2012) (holding issue of material fact existed as to whether grievance procedure was available to mentally impaired prisoner who sought but was denied assistance in filing a grievance).

claim that his failure to exhaust was due to a physical inability to participate in the process. *See e.g. Kincaid v. Sangamon County*, 435 Fed. Appx. 533, 536-37 (7th Cir. 2011) (finding that physical incapacity can be valid reason for delay in filing a grievance and that plaintiff's allegations of such *in his complaint* were sufficient to defeat a motion to dismiss on the basis of failure to exhaust); *Peterson*, 2012 U.S. Dist. LEXIS 106716 at *31 (finding the same where plaintiff's *affidavit* attests to plausible impediments to ability to file proper grievance).

As a result of McCormick's failure to properly exhaust his administrative remedies, or to offer evidence creating a genuine issue of fact regarding his reasons that failure, Corizon's motion to dismiss should be granted, and McCormick's complaint should be dismissed without prejudice. *Boyd*, 380 F.3d at 994 (dismissal for failure to exhaust is without prejudice). Because the Court recommends dismissal of McCormick's complaint on this basis, his motion for summary judgment [27] should be denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Corizon's motion to dismiss **[19]** be **GRANTED** and that Plaintiff McCormick's complaint be **DISMISSED WITHOUT PREJUDICE**. In addition, the Court **RECOMMENDS** that McCormick's motion for summary judgment **[27]** be **DENIED AS MOOT**.

Dated: January 27, 2014        s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
                               United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for

in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

Dated: January 27, 2014