UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT MCCORMICK,

                Plaintiff,        Civil Action No. 13-cv-11098
                                      Honorable Robert H. Cleland
                                      Magistrate Judge David R. Grand
    v.

JANE DOES, CORRECTIONAL
MEDICAL SERVICES,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## DISMISS JANE DOE DEFENDANTS WITHOUT PREJUDICE

On March 12, 2013, plaintiff Roosevelt McCormick commenced the instant action against Correctional Medical Services (later identified correctly as Corizon Health Care, Inc. "Corizon") and several unnamed registered nurses, alleging violations of his civil and constitutional rights. This matter was referred to the undersigned by the District Court for all pretrial purposes. [4].

On August 26, 2013, Defendant Corizon moved to dismiss McCormick's complaint, alleging that he failed to exhaust his administrative remedies. [19]. On November 7, 2011, after discovery closed, McCormick moved for summary judgment on his claim. [27]. On January 27, 2014, this Court recommended granting Corizon's motion and denying McCormick's motion. [36]. McCormick did not object, and on March 6, 2014, the District Court adopted this Court's Report and Recommendation. [39].

In the interim, this Court entered an order directing McCormick to provide the Court with the identity of the Jane Doe nurses who still remain parties to this case, though they have not

answered or otherwise appeared. [38]. On March 20, 2013, McCormick responded, informing the Court that, "the Court[']s final adjudication of this matter renders any further attempts Moot." [40]. Thus, McCormick clearly no longer intends to proceed against these still-unidentified nurses, and the Court therefore interprets his response as a notice of voluntary dismissal of his complaint against them under Rule 41(a)(1)(A)(i).  *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that a plaintiff may dismiss an action without court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). As a result, the Court **RECOMMENDS** that McCormick's complaint be **DISMISSED WITHOUT PREJUDICE** against the Jane Doe defendants. As the Jane Doe defendants were the only remaining defendants, such a dismissal will terminate this action in its entirety.

Dated: April 1, 2014                                   s/David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                       United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this

Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

Dated: April 1, 2014